**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LONNER MELTON,

  Plaintiff,   CIVIL ACTION NO. 07-CV-15480-DT

vs.

          DISTRICT JUDGE DAVID M. LAWSON

MICHIGAN CORRECTIONS  MAGISTRATE JUDGE MONA K. MAJZOUB
COMMISSION, et al.,
  Defendants.
_____/

## REPORT AND RECOMMENDATION

**I. RECOMMENDATION:** Defendants' Motion for Summary Judgment filed on March 10, 2008 (docket no. 21) should be **GRANTED**.

**II. REPORT:**

  *A. Facts and Procedural History*

Plaintiff is a Michigan state prisoner who was incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan when the events alleged in his Complaint occurred. He states that he is now incarcerated in a different prison. (Docket no. 1 at 2). Plaintiff brought this action under 42 U.S.C. § 1983 alleging that Defendants violated several of his constitutional rights. (Docket no. 1). He also brings claims under the Americans with Disabilities Act. (*Id*.). Plaintiff alleges that he is blind. (*Id*.). Defendants are the Michigan Department of Correction and employees at the G. Robert Cotton Correctional Facility. Defendants move for summary judgment arguing that Plaintiff has failed to exhaust his administrative remedies, failed to state a due process violation, and that they are protected by immunities. (Docket no. 21). Plaintiff responded to

Defendants' motion. (Docket no. 22). All pretrial matters have been referred to the undersigned for decision. (Docket no. 4). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). This motion is now ready for ruling.

Plaintiff claims that on May 3, 2007 Defendants Jacobson, Humphrey, and Lowe confiscated his legal and personal property and lost the property which hindered his efforts to pursue his legal claims and appeal his convictions of prison infractions. (Docket no. 1 at 5). These Defendants were allegedly instructed by Captain Shears to take all of Plaintiff's property to the property room. Plaintiff alleges that Defendants failed to do so and as a result his typewriter and legal materials were lost. (*Id*. at 6). Plaintiff describes the lost legal materials as transcripts related to his original criminal convictions from 1982 and unspecified papers related to three of his administrative hearings which were for charges of fighting and threatening behavior, and an unidentified hearing held on June 21, 2007. (*Id*. at 5). Plaintiff contends that he could not contest the charges in these three hearings or appeal his convictions without his legal materials. (*Id*. at 6). Plaintiff also complains of tripping while in segregation and chipping a tooth. An officer allegedly refused to help Plaintiff write a request for medical attention. (*Id*. at 6). Plaintiff alleges that he was denied Braille materials while in segregation and had to walk to the showers without underwear while being escorted by a female officer. Defendant Jacobson allegedly retaliated against him by moving him from a non-smoking to a smoking unit. (*Id*. at 8). Finally, Plaintiff complains that female sex offenders are treated differently from male sex offenders resulting in discrimination against the males. (*Id*. at 9-10).

B.   *Governing Law*

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. (*Id.*). A mere scintilla of evidence is insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

C.   *Analysis*

1.   *Exhaustion of Administrative Remedies*

Plaintiff must exhaust his available administrative remedies before bringing an action with respect to prison conditions under section 1983. 42 U.S.C. § 1997e(a). Defendants assert, and Plaintiff does not dispute, that Plaintiff has exhausted his remedies only with respect to one grievance, JCF-07-06-1163-19c. (Docket no. 21, ex. B; docket no. 1 at 10). In this grievance Plaintiff named only Defendant Jacobson and alleged that she was responsible for the loss of his legal papers related to the May 31, 2007[1] incident. (*Id.*). At Step II of the grievance process Plaintiff was advised that his property could not be located and was given a form to make a claim

---

[1] In the body of his Complaint Plaintiff alleges that this incident occurred on May 3, 2007. However, his attached grievance form shows that May 31, 2007 is the correct date. (Docket no. 1, ex. E).

against the State of Michigan for personal loss. (*Id.*). Plaintiff considered the amount of money that he could receive (up to $1000) to be unsatisfactory and apparently did not file the form. (*Id.*).

Defendants argue that this claim for loss of property against Defendant Jacobson is the only claim that Plaintiff has exhausted and, thus, is Plaintiff's only viable claim. (Docket no. 21). Plaintiff argues that he was not required to exhaust all of his claims because "some of his claims for injunctive relief involved 'non-grievable issues.'" (Docket no. 22 at 4). Such claims are supposedly non-grievable because they involve issues which affect the entire prison population or significant numbers of prisoners. (*Id.*). However, the grievance policy in effect during the time relevant to this action allowed prisoners to grieve the content of policy or procedure if it "was specifically applied to the grievant." (Docket no. 21, ex. C (MDOC Policy Directive 03.02.130 ¶ F.1)). This mirrors the requirement of section 1983 that a plaintiff's personal rights be violated and not the rights of someone else. *Brown v. City of Louisville*, 33 F.3d 54, slip op. at *2 (6th Cir. Aug. 23, 1994) (unpublished) (citing *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990)). Therefore, in order to state a section 1983 claim, Plaintiff must allege that his rights have been violated rather than those of his fellow prisoners. The MDOC grievance policy allows for all such claims to be grieved by Plaintiff. Plaintiff's argument that he could not grieve all of his cognizable claims is therefore rejected. All of his claims except those relating to the deprivation of his personal property must be dismissed because they are not exhausted.

2.  *Due Process Violation due to Loss of Property*

Defendants argue that Plaintiff cannot state a due process violation for the alleged loss of his property referred to above because the State of Michigan provides adequate post-deprivation remedies. (Docket no. 21). Plaintiff does not specifically oppose this argument; rather, he states

that the loss of his property resulted in a violation of his right of access to the courts. (Docket no. 22 at 4-5).

In *Daniels v. Williams*, 474 U.S. 327 (1986), the Court held that the Due Process Clause is not implicated by a negligent act of an official causing unintended loss of property. Earlier, in *Parratt v. Taylor*, 451 U.S. 527 (1981), the Court found that a due process violation for the deprivation of property could not be maintained if the state provided adequate post-deprivation remedies. Therefore, if the Defendants' deprivation of Plaintiff's personal property was due to their negligence, no due process violation is stated under *Daniels*. If the deprivation was due to an intentional act, no due process violation is possible because Michigan provides adequate post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 480 (6th Cir. 1995) (discussing several of Michigan's "adequate post-deprivation remedies"). This claim should therefore be dismissed.

### 3. Denial of Right of Access to Courts

The only possible remaining claim that Plaintiff has exhausted is that his First Amendment right of access to the courts was violated by the Defendants' loss of his legal property. The specific legal material is described above. In order to establish a constitutional violation Plaintiff must show that he has been prejudiced in pursuing non-frivolous litigation concerning his conviction or prison conditions. *Scott v. Martin*, 112 Fed. App'x 409, 411 (6th Cir. 2004). Examples of actual prejudice include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline. *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005). This right does not extend to a prisoner's grievance appeals. *Young v. Gundy*, 30 Fed. App'x 568, 569-70 (6th Cir. 2002) ("A grievance appeal does not implicate the First Amendment right of access to the courts because there

is no inherent constitutional right to an effective prison grievance procedure.").

Plaintiff has failed to show that Defendants violated his right of access to the courts. Plaintiff's original convictions date from 1982. (MDOC prison offender tracking information system). There is no showing that the loss of transcripts relating to his original convictions prejudiced any pending litigation. All of the other legal materials that Plaintiff specified involve his prison grievance hearings and appeals. These do not implicate his constitutional right of access to the courts. *Young*, 30 Fed. App'x at 569-70. Moreover, Plaintiff has not shown that the lost materials were essential to defending against the charges or appealing his convictions for prison infractions. This claim should also be dismissed.

Because all federal claims have been dismissed against Defendants, any state law claims should be dismissed without prejudice. 28 U.S.C. § 1367(c)(3).

### III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: June 3, 3008                              s/Mona K. Majzoub
                                                                                     MONA K. MAJZOUB
                                                                                     UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this document was served upon Lonner Melton and Counsel of Record on this date.

Dated: June 3, 2008                               s/ Lisa C. Bartlett
                                                                              Courtroom Deputy
                                                                              Lisa_Bartlett@mied.uscourts.gov