UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LONNER MELTON,

                  **Plaintiff,**            **CIVIL ACTION NO. 07-CV-15480-DT**

      **vs.**

                                 **DISTRICT JUDGE DAVID M. LAWSON**

**MICHIGAN CORRECTIONS**      **MAGISTRATE JUDGE MONA K. MAJZOUB**
**COMMISSION, et al.,**

                  **Defendants.**
_____/

## ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL AND MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT

This matter comes before the Court on Plaintiff's Motion to Compel Production of Addresses (docket no. 47), Plaintiff's Motion for Leave to File a Supplemental Complaint (docket no. 54), and Plaintiff's Motion to Compel Interrogatories (docket no. 53). Defendants have responded to Plaintiff's Motion to Compel Interrogatories and Motion for Leave to File Supplemental Complaint. (Docket nos. 55, 56). All pretrial matters have been referred to the undersigned for decision. (Docket no. 4). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). These motions are now ready for ruling.

    **1.**    **Plaintiff's Motion to Compel Production of Addresses**

This Court ordered Defendants' counsel to provide under seal the last known addresses for two of the Defendants who could not be served at their work addresses. These are Defendants Lowe and Vasbinder. (Docket no. 41). Defendants' counsel subsequently provided those addresses and these two Defendants have now been served, and their Motion for Summary Judgment is pending.

2:07-cv-15480-DML-MKM    Doc # 57    Filed 03/03/09    Pg 2 of 4    Pg ID 351

(Docket nos. 49, 50, 51). Plaintiff was not given these addresses and now moves that he be provided with them. (Docket no. 47). Plaintiff contends that he needs the addresses to serve documents upon these Defendants. Plaintiff is a state inmate, and these Defendants are presently or formerly were correctional officers. The Court finds that security concerns counsel against compelling production of these addresses to Plaintiff. Furthermore, service upon these Defendants has now been accomplished, and they are represented by the Michigan Department of Attorney General. (Docket no. 48). Plaintiff may serve any document for these Defendants upon their counsel. Accordingly, Plaintiff's Motion to Compel Production of Addresses will be denied. Fed. R. Civ. P. 26(c)(1).

2.    **Plaintiff's Motion to Compel Interrogatories**

Plaintiff also moves for the Court to compel Defendants Lowe and Vasbinder to respond to discovery that he alleges he served on December 27, 2007. (Docket no. 53 at 3). Plaintiff claims that he served a request for production of documents and interrogatories. (*Id.*). However, Plaintiff did not attach to his motion a copy of this discovery showing that it had been properly served. Defendants deny that they received any properly served discovery. (Docket no. 55 at 4). Therefore, Plaintiff's motion will be denied because he has not shown that he properly served discovery upon Defendants. Fed. R. Civ. P. 37.

Moreover, December 27, 2007 is the date that Plaintiff's Complaint was filed in this Court. (Docket no. 1). Any such service of discovery, if it did occur, would likely have been premature. *See* Fed. R. Civ. P. 26(d). Finally, these Defendants now have pending a motion for summary judgment based on claims of qualified immunity which must be resolved before discovery may be compelled. *Skousen v. Brighton High School*, 305 F.3d 520, 526-27 (6th Cir. 2002). These are additional reasons why Plaintiff's Motion to Compel Interrogatories will be denied.

-2-

**3.     Plaintiff's Motion for Leave to File Supplemental Complaint**

Plaintiff seeks leave to file a supplemental Complaint. (Docket no. 54). Defendants oppose this motion because Plaintiff failed to attach a copy of the proposed amendment to his motion and because any such attempt to amend would be futile because Plaintiff could not have properly exhausted his administrative remedies with respect to the matters he wishes to add. (Docket no. 56).

Defendants are correct that Plaintiff's motion is procedurally improper because he failed to attach a copy of his proposed amended Complaint. E.D. Mich. LR 15.1. Moreover, in his motion Plaintiff states that he seeks to add claims based on events which have occurred since Plaintiff filed his original Complaint. (Docket no. 54 at 1). With respect to such issues Plaintiff could not have exhausted the claims through the prison grievance process prior to filing this action as is required by 42 U.S.C. § 1997e(a). *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Plaintiff's attempted supplementation is therefore futile. Futile amendments to a complaint should not be allowed. *See Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Production of Addresses (docket no. 47) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Interrogatories (docket no. 53) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Supplemental Complaint (docket no. 54) is **DENIED.**

**NOTICE TO PARTIES**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order

within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C.

636(b)(1).

Dated: March 03, 2009                        s/ Mona K. Majzoub
                                             MONA K. MAJZOUB
                                             UNITED STATES MAGISTRATE JUDGE



**PROOF OF SERVICE**

        I hereby certify that a copy of this Order was served upon Lonner Melton and Counsel of
Record on this date.

Dated: March 03,2009                         s/ Lisa C. Bartlett
                                             Courtroom Deputy

-4-