UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LONNER MELTON,

        Plaintiff,                CIVIL ACTION NO. 07-CV-15480-DT

vs.

                                      DISTRICT JUDGE DAVID M. LAWSON

MICHIGAN CORRECTIONS      MAGISTRATE JUDGE MONA K. MAJZOUB
COMMISSION, MICHIGAN
DEP'T OF CORRECTIONS,
PATRICIA CARUSO,
DOUGLAS VASBINDER,
JACOBSON, LOWE, CONNOR,
HUMPHREY,
        Defendants.
_____/

**REPORT AND RECOMMENDATION**

**I.**    **RECOMMENDATION:** The Motion for Summary Judgment filed by Defendants Vasbinder and Lowe on January 8, 2009 (docket no. 49) should be **GRANTED**.

**II.**    **REPORT:**

    **A.**    **Facts and Procedural History**

Plaintiff is a Michigan state prisoner who was incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan when the events alleged in his Complaint occurred. He states that he is now incarcerated in a different prison. (Docket no. 1 at 2). Plaintiff brought this action under 42 U.S.C. § 1983 alleging that Defendants violated several of his constitutional rights. (Docket no. 1). He also brings claims under the Americans with Disabilities Act. (*Id.*). Plaintiff alleges that he is blind. (*Id.*). Defendants are the Michigan Department of Corrections and employees at the G. Robert Cotton Correctional Facility. Defendant Vasbinder was the Warden of

-1-

the G. Robert Cotton Correctional Facility during the relevant time period. (Docket no. 1 at 3). Defendant Lowe was a Resident Unit Officer at that facility. (*Id*.). Defendants move for summary judgment arguing that Plaintiff has failed to exhaust his administrative remedies, failed to state a claim for due process violation or for denial of access to the courts, and that they are protected by immunities. (Docket no. 49). Plaintiff responded to Defendants' motion. (Docket no. 52). All pretrial matters have been referred to the undersigned for decision. (Docket no. 4). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). This motion is now ready for ruling.

Plaintiff claims that on May 3, 2007 Defendants Jacobson, Humphrey, and Lowe confiscated his legal and personal property and lost the property which hindered his efforts to pursue his legal claims and appeal his convictions for prison infractions. (Docket no. 1 at 5). These Defendants were allegedly instructed by Captain Shears to take all of Plaintiff's property to the property room. Plaintiff alleges that Defendants failed to do so and as a result his typewriter and legal materials were lost. (*Id*. at 6). Plaintiff describes the lost legal materials as transcripts related to his original criminal convictions from 1982 and unspecified papers related to three of his administrative hearings which were for charges of fighting and threatening behavior, and an unidentified hearing held on June 21, 2007. (*Id*. at 5). Plaintiff contends that he could not contest the charges in these three hearings or appeal his convictions without his legal materials. (*Id*. at 6). Plaintiff also complains of tripping while in segregation and chipping a tooth. An officer allegedly refused to help Plaintiff write a request for medical attention. (*Id*. at 6). Plaintiff alleges that he was denied Braille materials while in segregation and had to walk to the showers without underwear while being escorted by a female officer. Defendant Jacobson allegedly retaliated against him by moving him from a non-

smoking to a smoking unit. (*Id*. at 8). Finally, Plaintiff complains that female sex offenders are treated differently from male sex offenders resulting in discrimination against the males. (*Id*. at 9-10).

The specific factual allegations against Defendants Vasbinder and Lowe are few. Plaintiff alleges that Defendant Lowe was one of three officers who entered his cell and confiscated his legal and personal property. (Docket no. 1 ¶ 15). Plaintiff also alleges that Defendant Lowe was one of the officers whom Captain Shears informed that Plaintiff's property was not to be treated as abandoned. (*Id*. ¶ 18). Plaintiff alleges that Defendant Lowe failed to take his property to the property room as he was instructed by Captain Shears. (*Id*. & ¶ 19). Plaintiff alleges that Defendant Vasbinder is responsible for prison policy that mis-educates and sexually exploits male offenders. (*Id*. ¶ 33). Defendant Vasbinder also allegedly encouraged proper treatment for female sex offenders but exploited and discriminated against Plaintiff based on his sex. (*Id*. ¶ 34). Plaintiff further alleges that due to prison policy for which Defendant Vasbinder is responsible he has been subjected to inappropriate shake downs. (*Id*. ¶ 37). The "legal claims" section of Plaintiff's Complaint fails to specify which allegations pertain to Defendants Lowe and Vasbinder. (*Id*. ¶¶ 37-42).

### B.     Governing Law

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has

met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. (*Id.*). A mere scintilla of evidence is insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

**C. Analysis**

**1. Exhaustion of Administrative Remedies**

Plaintiff must exhaust his available administrative remedies before bringing an action with respect to prison conditions under section 1983. 42 U.S.C. § 1997e(a). Defendants assert, and Plaintiff does not dispute, that Plaintiff has exhausted his remedies only with respect to one grievance, JCF-07-06-1163-19c. (Docket no. 49 at 6; docket no. 1 at 10 & ex. E). In this grievance Plaintiff named only Defendant Jacobson and alleged that she was responsible for the loss of his legal papers related to the May 31, 2007[1] incident. (Docket no. 1 ex. E). At Step II of the grievance process Plaintiff was advised that his property could not be located and was given a form to make a claim against the State of Michigan for personal loss. (*Id.*). Plaintiff considered the amount of money that he could receive (up to $1000) to be unsatisfactory and apparently did not file the form. (Docket no. 1 at 10).

Defendants argue that this claim for loss of property against Defendant Jacobson is the only claim that Plaintiff has exhausted and, thus, Plaintiff failed to exhaust remedies against them. (Docket no. 49 at 8). In response, Plaintiff argues that "the issue(s) raised cannot be grieved."

---

[1] In the body of his Complaint Plaintiff alleges that this incident occurred on May 3, 2007. However, his attached grievance form shows that May 31, 2007 is the correct date. (Docket no. 1, ex. E).

(Docket no. 52 at 1). He suggests that his issues all pertain to the content of policy or procedure which cannot be grieved according to the grievance procedures except as it was specifically applied to him. (*Id*. at 2).

Plaintiff properly quotes the relevant portion of the prison grievance procedure. (Docket no. 52 at 2). The grievance policy in effect during the time relevant to this action allowed prisoners to grieve the content of policy or procedure if it "was specifically applied to the grievant." (Docket no. 21, ex. C (MDOC Policy Directive 03.02.130 ¶ F.1)). This mirrors the requirement of section 1983 that a plaintiff's personal rights be violated and not the rights of someone else. *Brown v. City of Louisville*, 33 F.3d 54, slip op. at *2 (6th Cir. Aug. 23, 1994) (unpublished) (citing *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990)). Therefore, in order to state a section 1983 claim, Plaintiff must allege that his rights have been violated rather than those of his fellow prisoners. The MDOC grievance policy allows for all such claims to be grieved by Plaintiff. Plaintiff's argument that he could not grieve all of his cognizable claims is therefore rejected.

The prison grievance policy in effect during the relevant time period required Plaintiff to name all persons involved in his grievance. (Docket no. 21 ex. C ¶ R). To properly exhaust, Plaintiff must follow the procedures of the grievance policy. *See Woodford v. Ngo*, 548 U.S. 81 (2006). Plaintiff failed to name Defendant Vasbinder in the one grievance he exhausted, and the subject of the grievance does not pertain to the claims against Defendant Vasbinder. Plaintiff also failed to name Defendant Lowe in this grievance. Moreover, this grievance does not put at issue any improper activity in Plaintiff's cell after Plaintiff was removed from his cell (which is when Plaintiff claims that Defendant Lowe entered his cell). Plaintiff has therefore failed to properly exhaust his administrative remedies against Defendants Lowe and Vasbinder and all claims should

be dismissed against them.

Although the failure to exhaust is reason enough to grant summary judgment in favor of Defendants, the Court will address their alternative arguments.

### 2. Due Process Violation due to Lost Property

In response to Defendants' arguments that Plaintiff's lost-property claims fail to state a claim upon which relief may be granted, Plaintiff contends that this argument is "misplaced" because his claim is for retaliation. (Docket no. 52 at 3). However, in his Complaint Plaintiff failed to allege that Defendants Lowe or Vasbinder retaliated against him. (Docket no. 1). A retaliation claim requires Plaintiff to show that he engaged in protected conduct; an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and there is a causal connection between these two previous elements. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Plaintiff's Complaint fails to state a cause of action against these Defendants for retaliation based on his lost-property claims.

To the extent that Plaintiff still intends to raise a claim of a due process violation, his claim has no merit. In *Daniels v. Williams*, 474 U.S. 327 (1986), the Court held that the Due Process Clause is not implicated by a negligent act of an official causing unintended loss of property. Earlier, in *Parratt v. Taylor*, 451 U.S. 527 (1981), the Court found that a due process violation for the deprivation of property could not be maintained if the state provided adequate post-deprivation remedies. Therefore, if the Defendants' deprivation of Plaintiff's personal property was due to their negligence, no due process violation is stated under *Daniels*. If the deprivation was due to an intentional act, no due process violation is possible because Michigan provides adequate post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 480 (6th Cir. 1995) (discussing

several of Michigan's "adequate post-deprivation remedies"). This claim should therefore be dismissed.

### 3. Denial of Access to Courts

In response to Defendants' argument that Plaintiff failed to state a claim of denial of access to the courts, Plaintiff argues again in favor of a retaliation claim. (Docket no. 52 at 4-6). Therefore, Plaintiff apparently has also abandoned any claim of denial of access to the courts. Plaintiff failed to assert in his Complaint a claim of retaliation based on the denial of access to the courts by either Defendant Lowe or Vasbinder. (Docket no. 1). Plaintiff's factual allegations in his Complaint fail to state a claim for such relief against Defendants Lowe or Vasbinder. (Docket no. 1).

If Plaintiff still intends to raise a claim of denial of access to the courts, it has no merit. In order to establish a First Amendment claim of denial of access to the courts, Plaintiff must show that he has been prejudiced in pursuing non-frivolous litigation concerning his conviction or prison conditions. *Scott v. Martin*, 112 Fed. App'x 409, 411 (6th Cir. 2004). Examples of actual prejudice include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline. *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005). This right does not extend to a prisoner's grievance appeals. *Young v. Gundy*, 30 Fed. App'x 568, 569-70 (6th Cir. 2002) ("A grievance appeal does not implicate the First Amendment right of access to the courts because there is no inherent constitutional right to an effective prison grievance procedure.").

Plaintiff has failed to show that Defendants violated his right of access to the courts. Plaintiff's original convictions date from 1982. (MDOC prison offender tracking information system). There is no showing that the loss of transcripts relating to his original convictions

prejudiced any pending litigation. All of the other legal materials that Plaintiff specified involve his prison grievance hearings and appeals. These do not implicate his constitutional right of access to the courts. *Young*, 30 Fed. App'x at 569-70. Moreover, Plaintiff has not shown that the lost materials were essential to defending against the charges or appealing his convictions for prison infractions. This claim should therefore be dismissed.

### 4.     Immunities

Plaintiff has failed to establish any constitutional violations. Defendants are therefore entitled to qualified immunity and Eleventh Amendment immunity. Because all federal claims should be dismissed against Defendants, any state law claims should be dismissed without prejudice. 28 U.S.C. § 1367(c)(3).

### III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must

recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: March 03, 2009                              s/ Mona K. Majzoub
                                                                  MONA K. MAJZOUB
                                                                  UNITED STATES MAGISTRATE JUDGE


### PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Lonner Melton and Counsel of Record on this date.

Dated: March 03, 2009                              s/ Lisa C. Bartlett
                                                                  Courtroom Deputy