UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LONNER MELTON,

        Plaintiff,

v.

        Case Number 07-15480
        Honorable David M. Lawson
        Magistrate Judge Mona K. Majzoub

MICHIGAN CORRECTIONS COMMISSION,
MICHIGAN DEPARTMENT OF CORRECTIONS,
PATRICIA CARUSO, DOUGLAS VASBINDER,
CORRECTIONAL OFFICER JACOBSON,
CORRECTIONAL OFFICER LOWE, CORRECTIONAL
OFFICER CONNOR, and CORRECTIONAL OFFICER
HUMPHREY,

        Defendants.
_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTIONS, AND GRANTING MOTION FOR SUMMARY JUDGMENT BY DEFENDANTS MICHIGAN CORRECTIONS COMMISSION, MICHIGAN DEPARTMENT OF CORRECTIONS, CARUSO, JACOBSON, AND CONNOR**

      This matter is before the Court on the plaintiff's objections to a report by Magistrate Judge Mona K. Majzoub recommending that the motion for summary judgment filed by defendants Michigan Corrections Commission, Michigan Department of Corrections, Patricia Caruso, Corrections Officer Jacobson, and Corrections Officer Connor be granted. The plaintiff filed a complaint against all of the defendants under 42 U.S.C. § 1983 alleging that his constitutional rights were violated when his personal papers and typewriter were taken from him and lost, he was denied access to the courts as a result, he was denied the ability to pray in his cell, and he was exposed to female guards while naked. The magistrate judge filed a report concluding that the plaintiff failed to exhaust his administrative remedies as to all his claims except the one alleging deprivation of property and access to the courts, the property claim lacks merit because there are adequate post-

deprivations procedures available to the plaintiff in the state administrative and court systems, and the access to the courts claim lacks merit because the plaintiff has not alleged an actual injury. The plaintiff filed timely objections. The Court has conducted a *de novo* review of the matter and now concludes that the plaintiff's objections to the report and recommendation lack merit, and the magistrate judge was correct in recommending that the motion should be granted. Therefore, the Court will overrule the objections, adopt the magistrate judge's recommendation, grant the motion for summary judgment, and dismiss these defendants from the case.

I.

The plaintiff is a state prisoner in custody of the Michigan Department of Corrections serving a lengthy sentence for assault, sexual misconduct, armed robbery, and firearms violations. He filed the present action under 42 U.S.C. § 1983 and state law against the Michigan Department of Corrections and the Michigan Corrections Commission, the director of the department, and various employees of the department complaining of events that occurred when the plaintiff was in custody at the G. Robert Cotton Correctional Facility in Jackson, Michigan. He has since been transferred from that facility.

The plaintiff alleges that he is legally blind in both eyes. He says that he was praying in his cell on May 31, 2007 when guards came and went, then re-entered and confiscated his legal papers and typewriter, wrote a grievance against him for threatening behavior, and transferred him to segregation. He alleges that defendants Jacobson, Humphrey, and Lowe lost the property they confiscated from him, which prevented him from pursuing his legal claims and his appeals from his conviction and his prison misconduct charges. Those prison guards were told to take all the plaintiff's property to the property room, but they did not comply and the typewriter and legal

materials were lost. The plaintiff also complains that he tripped while in segregation and chipped a tooth, and a corrections officer refused to help him write a request for medical attention. The plaintiff also alleges that he was denied Braille materials while in segregation and had to walk to the showers without underwear escorted by a female officer. The plaintiff accuses defendant Jacobson of retaliating against him by moving him from a nonsmoking to a smoking unit. Finally, the plaintiff alleges that female sex offenders are treated differently than male sex offenders; therefore, the defendants discriminate against the males.

The plaintiff's state-law claims include deprivation of property, unlawful search and seizure, denial of due process, discrimination, mental anguish, ethnic intimidation, and sexual abuse. The state-law claims stem from the same events as the federal claims.

II.

The plaintiff objects on four grounds. He argues that (1) the magistrate judge erred by concluding that the plaintiff was required to exhaust his administrative remedies; (2) the magistrate judge erred by concluding that there were adequate post-deprivation procedures for inmates in Michigan prisons; (3) the magistrate judge erred by concluding that the plaintiff was not denied access to the courts; and (4) the magistrate judge erred by construing his emotional distress claim as an "intentional infliction of emotional distress" claim.

Objections to a report and recommendation are reviewed *de novo*. 28 U.S.C. § 636(b)(1). The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the

magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380).

A motion for summary judgment under Fed. R. Civ. P. 56 presumes the absence of a genuine issue of material fact for trial. The Court must view the evidence and draw all reasonable inferences in favor of the non-moving party, and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact. *Michigan Paytel Joint Venture v. City of Detroit*, 287 F.3d 527, 534 (6th Cir. 2002). Thus, a factual dispute that "is merely colorable or is not significantly probative" will not defeat a motion for summary judgment which is properly supported. *Kraft v. United States*, 991 F.2d 292, 296 (6th Cir. 1993); *see also Int'l Union, United Auto., Aerospace and Agric. Implement Workers of Am. v. BVR Liquidating, Inc.*, 190 F.3d 768, 772 (6th Cir. 1999). The party bringing the summary judgment motion has the initial burden of informing the district court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Mt. Lebanon Personal Care Home, Inc. v. Hoover Universal, Inc.*, 276 F.3d 845, 848 (6th Cir. 2002). The party opposing the motion then may not "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact" but must make an affirmative showing with proper evidence in order to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). A party opposing a motion for summary judgment must designate specific facts in affidavits, depositions, or other factual material showing "evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. If the non-

moving party, after sufficient opportunity for discovery, is unable to meet his or her burden of proof, summary judgment is clearly proper. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

In addressing the exhaustion issue, the plaintiff argues that his claims are non-grievable because the MDOC grievance coordinator would consider them as issues that affect the entire prisoner population or significant numbers of inmates. He also contends that he did not have to plead exhaustion of grievance procedures; the defendants had to raise exhaustion as an affirmative defense.

The plaintiff is correct on the latter item. Exhaustion is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216 (2007). But these defendants have raised the issue in their motion, so the plaintiff must respond to it. *Street*, 886 F.2d at 1479. The requirements for exhaustion in prisoner civil rights cases are well known. Before filing a civil rights suit challenging prison conditions, a prisoner must exhaust all available administrative remedies. 42 U.S.C. § 1997e(a). A prisoner must pursue the administrative process even if it does not offer the precise relief that the prisoner seeks, *Booth v. Churner*, 532 U.S. 731, 741 (2001), or the time for filing the grievance has expired, *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999). A prisoner cannot abandon the grievance process before completion and then claim to have exhausted administrative remedies. *Ibid.*; *see also Young v. Hightower*, 395 F. Supp. 2d 583 (E.D. Mich. 2005). It stands to reason that a prisoner cannot forego the grievance process altogether, based on the belief that he would not be successful. There is no futility exception to the exhaustion requirement. *Booth*, 532 U.S. at 741 n.6.

The Supreme Court held in *Woodford v. Ngo*, 548 U.S. 81 (2006), that failure to "properly" exhaust bars suit in federal court. "Proper exhaustion" means that the plaintiff complied with the administrative "agency's deadlines and other critical procedural rules because no adjudicative

system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91. If a prisoner has failed to demonstrate exhaustion of administrative remedies, the complaint must be dismissed. *See Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). The Court further held that "[t]he level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones*, 549 U.S. at 218. To demonstrate exhaustion of administrative remedies in this Circuit, an inmate must attach to his response copies of the grievances and their dispositions or describe the outcome of the administrative proceedings with some specificity. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In this case, the plaintiff *never* followed the MDOC grievance procedures. He merely alleges that his grievance would have been denied. That is woefully insufficient, and actually demonstrates the merit to the defendants' exhaustion argument. Therefore, all but the property deprivation claim fail to survive the PLRA exhaustion requirements.

The second objection likewise lacks merit. In order to demonstrate a violation of the right to be free from deprivation of property without due process of law, a plaintiff must first show the deprivation of a property right. *Hughlett v. Romer-Sensky*, 497 F.3d 557, 566 (6th Cir. 2006). The plaintiff then must prove that the deprivation of the protected property interest "contravened notions of due process." *Warren v. City of Athens, Ohio*, 411 F.3d 697, 709 (6th Cir. 2005). The Sixth Circuit has explained:

> Under circuit precedent, a § 1983 plaintiff can prevail on a procedural due process claim by demonstrating that the property deprivation resulted from either: (1) an

> established state procedure that itself violates due process rights, or (2) a "random and unauthorized act" causing a loss for which available state remedies would not adequately compensate the plaintiff. *Macene v. MJW, Inc.*, 951 F.2d 700, 706 (6th Cir. 1991). A plaintiff alleging the first element of this test would not need to demonstrate the inadequacy of state remedies. *Moore v. Bd. of Educ. of Johnson City Sch.*, 134 F.3d 781, 785 (6th Cir. 1998). If the plaintiff pursues the second line of argument, he must navigate the rule of *Parratt v. Taylor*, 451 U.S. 527, 539 (1981), which holds that a state may satisfy procedural due process with only an adequate postdeprivation procedure when the state action was "random and unauthorized." *See Macene*, 951 F.2d at 706; *see also* [*Zinermon v. Burch*, 494 U.S. 113, 128 (1990)] (narrowing *Parratt* to only those situations where predeprivation process would have been impossible or impractical). In this context, "unauthorized" means that the official in question did not have the power or authority to effect the deprivation, not that the act was contrary to law. *See id.* at 138.

*Id.* at 709-10.

The magistrate judge correctly determined that a prison guard's negligence resulting in property loss does not implicate the Due Process Clause, *see Daniels v. Williams*, 474 U.S. 327 (1986), and there were adequate post-deprivation remedies available to the plaintiff for the guards' intentional misconduct. The plaintiff did fully exhaust the grievance procedure and was granted leave to make a monetary claim against the State of Michigan with the State Administrative Board. The procedure to follow for making the claim with the State Administrative Board was outlined for the plaintiff in the Step 3 response he received from the MDOC grievance board. The MDOC grievance board recommended that all of the items the plaintiff says he lost should be considered to have monetary value and be reimbursable. The next logical step in the post-deprivation process would be to file that claim with the State. *See Macene v. MJW, Inc.*, 951 F.2d 700, 704 (6th Cir. 1991). The plaintiff's failure to pursue these remedies does not make them inadequate. His objection must be overruled.

Because the plaintiff's property included transcripts and legal materials, the magistrate judge entertained a claim for denial of access to the courts in violation of the First Amendment. "The

fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Lewis v. Casey*, 518 U.S. 343, 346 (1996) (quoting *Bounds v. Smith*, 430 U.S. 817 (1977)). "It is for the courts to remedy past or imminent official interference with individual inmates' presentation of claims to the courts; it is for the political branches of the State and Federal Governments to manage prisons in such fashion that official interference with the presentation of claims will not occur." *Id.* at 349.

To establish a violation of that right, the plaintiff must demonstrate an actual injury. *Ibid.* To make that showing, the plaintiff must "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." *Id.* at 353. "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey v. Rutter,* 420 F.3d 571, 578 (6th Cir. 2005). "To demonstrate prejudice, 'the defendant must offer more than mere speculation of lost witnesses, faded memories or misplaced documents; he must show an actual loss of evidence that would have aided the defense and that cannot be obtained from other sources.'" *United States. v. Jackson,* no. 06-41680, 2008 WL 4901375, at *2 (5th Cir. 2008) (quoting *United States v. Gulley*, 526 F.3d 809, 819-20 (5th Cir. 2008)).

The plaintiff has failed to show any actual prejudice in his ability to appeal his convictions or challenge his misconduct findings. He has not alleged that the missing documents cannot be obtained from other sources. He argues that the transcripts of court proceedings in which he was convicted have been destroyed. But there is no claim that there are any proceedings pending or contemplated to challenge that conviction. In fact, the plaintiff has exhausted his direct appeals, *see*

*People v. Melton*, 723 N.W. 2d 878 (Mich. 2006), and his petition for a writ of habeas corpus was denied last year, *see Melton v. Vasbinder*, Docket No. 2:07-CV-13289 (E.D. Mich. 2008) (order denying habeas relief and certificate of appealability). The plaintiff has not suggested how the materials will assist in his prison misconduct proceedings. The magistrate judge was correct in her recommendation as to this claim.

The plaintiff's final objection also lacks merit. He merely asks that this Court not construe his emotional distress claim as an "intentional infliction of emotional distress" claim, but as an Eighth Amendment claim. However, at no point did the magistrate judge (or even the defendants) make any reference to the plaintiff's claim for emotional distress as sounding in the state-law tort of intentional infliction of emotional distress.

The magistrate judge also recommended that the plaintiff's state-law claims be dismissed as to these defendants since the federal claims have no merit. The Court agrees. *See* 28 U.S.C. § 1367(c)(3); *Musson Theatrical v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed.").

### III.

The Court has considered the defendants' motion for summary judgment *de novo* following the magistrate judge's report and the plaintiff's objections. The objections lack merit. The Court finds that the magistrate judge properly applied the governing law. The Court will grant the motion.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt #23] is **ADOPTED**.

-9-

It is further **ORDERED** that the plaintiff's objections [dkt #25, 28] to the report and recommendation are **OVERRULED**.

It is further **ORDERED** that the motion for summary judgment filed by defendants Michigan Corrections Commission, Michigan Department of Corrections, Patricia Caruso, Corrections Officer Jacobson, and Corrections Officer Connor [dkt #21] is **GRANTED**.

It is further **ORDERED** that the plaintiff's state law claims as to these defendants are **DISMISSED without prejudice** and these defendants are **DISMISSED** from the case.

                                      s/David M. Lawson
                                      DAVID M. LAWSON
                                      United States District Judge

Dated: March 17, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 17, 2009.

                                      s/Lisa M. Ware
                                      LISA M. WARE